IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Criminal No. CCB-05-016 |
| | * | |
| MICHAEL BRANCH | * | |

\*\*\*\*\*\*\*

## MEMORANDUM AND ORDER

Now pending is Michael Branch's motion for sentence reduction under the First Step Act of 2018. Branch was sentenced in 2006 to 20 years of incarceration on Counts One and Two (distribution of cocaine base); 10 years on Count Three (unlawful possession of a firearm); and 25 years on Count Four (possession with intent to distribute more than 50 grams of cocaine base). The sentences on Counts One, Two, and Three were all concurrent to the sentence on Count Four. In 2014, the court reduced the sentence on Count Four to 20 years, under Guideline Amendment 750.

The government does not directly dispute that Branch is eligible for a further reduction, but argues against it because (1) Branch qualified for, and was sentenced as, a career offender in 2006, and (2) he was subject at that time to an § 851 notice, which set a mandatory minimum sentence of 240 months incarceration on Count Four.

First, whether the career offender designation still applies does not control a resentencing under the First Step Act. *See United States v. Logan*, No. CR CCB-10-203, 2019 WL 3391618, at \*1 (D. Md. July 26, 2019) (and cases cited therein). Second, it appears that an § 851 enhancement, if it applied, would set a mandatory minimum sentence of only 10 years if Branch were sentenced today. 21 U.S.C. § 841(b)(1)(B)(iii). That is a factor which may be considered under the applicable 18 U.S.C. § 3553(a) analysis. *See United States v. Turner*, No. CR TDC-06-274, ECF No. 50, at 3–4 (D. Md. June 28, 2019).

1

The 3553(a) factors weigh in Branch's favor. While he did possess a firearm, the offense was otherwise non-violent. Despite his career offender status, he had never received any significant period of incarceration. He has now been imprisoned for over 14 years. Most importantly, Branch has made significant progress while in the Bureau of Prisons, has a limited disciplinary record, and has a concrete reentry plan for housing and employment. A reduction to 200 months of incarceration—still a very significant sentence—followed by 8 years of supervised release, is warranted.

Accordingly, the motion and supplemental motion (ECF Nos. 163 and 169) is **GRANTED**. The sentence will be reduced to 200 months (but no less than time served plus 14 days) concurrent, on Counts One, Two and Four, and will remain at 120 months, concurrent, on Count Three. Supervised release will be reduced to 8 years on Count Four, concurrent with 3 years on Counts One, Two and Three. An amended J&C will be issued.

So Ordered this 18 day of October 2019.

_____
Catherine C. Blake
United States District Judge